# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOHN L. HILL,**

              **Petitioner,**

**-vs-**                                            **Case No. 6:12-mc-9-Orl-28GJK**

**INTERNAL REVENUE SERVICE,**

              **Respondent.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration, without oral argument, on the following motions:

> **MOTION:**    **MOTION TO QUASH I.R.S SUMMONS (Doc. No. 1)**
>
> **FILED:**    **January 19, 2012**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED as Moot**.

> **MOTION:**    **UNITED STATES' MOTION TO DISMISS PETITION TO QUASH SUMMONS (Doc. No. 3)**
>
> **FILED:**    **February 3, 2012**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** and the Clerk be directed to close the case.

    On January 19, 2012, Petitioner filed a "Motion to Quash I.R.S. Summons" (hereafter "Motion to Quash") served by Respondent on Bank of America. Doc. No. 1. Petitioner asserts

that Respondent improperly served the summons in violation of 26 U.S.C. §§ 7608(a), (b). Doc. No. 1 at 2, ¶¶ 2-3. Petitioner requests the Court quash the summons for lack of jurisdiction and lack of service as required by 26 U.S.C. § 7608 and Rule 12(b)(5), Federal Rules of Civil Procedure. Doc. No. 1 at 2, ¶¶ 4-5.

On February 3, 2012, Respondent moved to dismiss the Motion to Quash (hereafter "Motion to Dismiss"). Doc. No. 3. Respondent asserts that the "document at issue is actually a subpoena that compels Bank of America to produce records in a Tax Court proceeding [Petitioner] initiated that is scheduled for trial on March 5, 2012." Doc. No. 3 at 1. Respondent asserts that 26 U.S.C. § 7609(b)(2) "generally allows certain parties to institute proceedings to quash third-party *summonses* issued by the IRS," but asserts this statutory section is inapplicable because "there is no IRS Summons to quash," as Bank of American was served with a subpoena. Doc. No. 3 at 4 (emphasis in original). Respondent also asserts the Court lacks jurisdiction to decide the Motion to Quash because the Tax Court has "exclusive power to enforce or quash its own subpoenas," citing Tax Court Rule 147. Doc. No. 3 at 4-5. Respondent attaches a copy of the subpoena duces tecum served on Bank of America to the Motion to Dismiss. Doc. No. 3-1. Respondent also submits a declaration from Anne M. Craig, Esq., averring that she never issued a summons, only a subpoena to Bank of America. Doc. No. 3-1 at 2, ¶¶ 5-6.

On February 13, 2012, Respondent filed an order entered by the United States Tax Court. Doc. No. 4. The order indicates that Petitioner moved to quash the subpoena issued to Bank of America. Doc. No. 4-1. The Tax Court denied Petitioner's motion to quash. Doc. No. 4-1.

Respondent's Motion to Dismiss, along with Ms. Craig's supporting declaration establishes that a summons was never served on Bank of America. Rather, a subpoena duces

2

tecum was served on Bank of America. Tax Court Rule 147(b) permits the Tax Court to issue subpoenas commanding the production of documents or electronically stored information. The Tax Court is also empowered to quash or modify a subpoena if it is oppressive and unreasonable, or condition denial of a motion to quash on the subpoenaing party paying the reasonable costs of production. *Id.* Thus, the proper venue for Petitioner to quash the subpoena is in the Tax Court. The Tax Court has denied Petitioner's motion to quash. Doc. No. 4-1.

Based on the foregoing, the undersigned **RECOMMENDS** the following:

1. The Motion to Quash be **DENIED as Moot**;

2. The Motion to Dismiss be **GRANTED**; and

3. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is directed to send a copy of this report and recommendation to Petitioner by Certified Mail**.

**DONE and RECOMMENDED** in Orlando, Florida on April 16, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties